IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**ROGER DANIEL NASH,**

                Petitioner,

v.                                                              Case No. 20-CV-406-JFH-KEW

**SCOTT CROW, DOC Director,**

                Respondent.

### OPINION AND ORDER

Petitioner is a pro se state prisoner who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma. He filed this petition for a writ of habeas corpus [Dkt. No. 1], challenging his convictions and sentences in Pushmataha County District Court Case No. 2014-129 for First Degree Rape (Count I) and Lewd Molestation (Count II).

**Petitioner's Second Motion for Appointment of Counsel**

Petitioner has filed a second motion for appointment of counsel [Dkt. No. 25] with a supplement [Dkt. No. 29], complaining he does not have access to two minute orders that were entered in this case. He also asserts he needs a lawyer to protect his rights, because he has no legal training.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline*

*Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). "It is not enough 'that having counsel appointed [would assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Petitioner's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). The Court concludes the issues are not complex, and Petitioner appears capable of adequately presenting facts and arguments.

Accordingly, Petitioner's second motion for appointment of counsel [Dkt. No. 25] is **DENIED**. The Court Clerk is directed to send Petitioner a copy of the docket sheet in this case.

**Exhaustion of State Court Remedies**

Respondent has filed a motion to dismiss for failure to exhaust state court remedies [Dkt. No. 22]. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction

2

until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Petitioner is attempting to raise the following claims from his post-conviction proceedings:

1. Evidence proving the State's witness lied was deliberately withheld.
2. Denied impartial jury.
3. Denied effective appellate counsel.
4. Judicial bias.
5. Trial counsel failed to investigate and was ineffective at trial.
6. Conviction obtained by perjured testimony of Carrol Courtwright.
7. Petitioner's post-conviction proceedings were delayed because he was too poor to pay for the witness list and testimony.
8. Judicial bias and abuse of power.
9. Carrol Courtwright committed perjury with his testimony that he was the alleged victim all the time. School and police records were withheld.
10. Karen Puentes gave perjured testimony about her presence during SANE nurse examination.
11. Prosecutorial misconduct regarding allegations of child and male pornography.
12. Petitioner was prevented from presenting evidence that the alleged victim said she had had sex with a boy in a trailer park.
13. Trial counsel failed to investigate by talking to Petitioner's children.

[Dkt. No. 1 at 6; Dkt. No. 1-2].

The record shows that Petitioner's claims for post-conviction relief were denied by the state district court on August 24, 2020 [Dkt. No. 23-1]. He did not, however, appeal the denial of post-conviction relief to the Oklahoma Court of Criminal Appeals. Thus, he has failed to exhaust his habeas corpus claims by presenting them to the State's highest court. *See Dever*, 36 F.3d 1531, 1534 (10th Cir. 1994). Petitioner's response to the motion to dismiss states that the U.S. Post Office lied about where certain mail was sent [Dkt. No. 28].

The Tenth Circuit "will not excuse a failure to exhaust state remedies in a 28 U.S.C. § 2254 action unless it is affirmatively shown that resort to them would be useless." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citing *Lewis v. New Mexico*, 423 F.3d 1048 (10th Cir. 1970)). Respondent asserts Petitioner has not even attempted to show he has satisfied the exhaustion

3

requirement. Further, Petitioner cannot show that an attempt to exhaust would be futile, because he could apply for a post-conviction appeal out of time pursuant to Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2011). Accordingly, the Court finds Petitioner has failed to exhaust his state-court remedies, and Respondent's motion to dismiss time-barred petition should be **GRANTED**.

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Accordingly, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**THEREFORE,**

1. Petitioner's second motion for appointment of counsel [Dkt. No. 25] is **DENIED**.

2. Respondent's motion to dismiss for failure to exhaust state court remedies [Dkt. No. 22] is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

3. Petitioner is **DENIED** a certificate of appealability.

4. All remaining pending motions are **DENIED AS MOOT**.

5. The Court Clerk is directed to send Petitioner a copy of the docket sheet for this case.

**IT IS SO ORDERED** this 22nd day of April, 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE