IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ROGER DANIEL NASH,

           Petitioner,

v.                                                              No. 20-CV-406-JFH-GLJ

SCOTT CROW,

           Respondent.

## OPINION AND ORDER

On April 22, 2021, this action was dismissed for Petitioner Roger Daniel Nash's ("Nash") failure to exhaust state court remedies in the challenge to his conviction in Pushmataha County District Court Case No. CF-2014-129, and judgment was entered. Dkt. No. 37; Dkt. No. 38. On June 29, 2022, Nash filed a motion for relief from judgment pursuant to Rules 60(a), 60(b), and 60(d) of the Federal Rules of Civil Procedure. Dkt. No. 40. Respondent Scott Crow has filed a response to the motion [Dkt. No. 41], and Nash has filed a reply, reiterating his claims of innocence, fraud, and futility [Dkt. No. 42].

**I.**     **Nash's Claims:**

> Claim One, Rule 60(a): Judges overlooked attachments proving <u>Factual</u> innocence blocked from the jury that proved Id committed no crime and school records police reports placing Alleged victim out of state not in Oklahoma at all that had told <u>own sis</u> "made to lie to get her mom a house." (see witness list and underlined testimony left out by trial lawyer May 2016) see also <u>P. 239-240</u> transcripts attached but quoted before.

Dkt. No. 40 at 1 (spelling and syntax in original).

> Claim Two, Rule 60(b)(3): Fraud by Sheri M. Johnson[1] lying to court claiming procedure VRS Actual evidence sent proving Factual innocence and her Objection to my release simply so I can't pick up evidence still withheld that proves Id never committed a crime and EVERY Witness had filed false Reports then state tampered with thier testimony and kept cops off stand.

*Id.* (spelling and syntax in original).

> Claim Three, Rule 60(b)(6): Any and all attempts to exhaust state remedies has been as futile as all other attempts <u>as a Pro Se Litigant</u> and [the Oklahoma Court of Criminal Appeals] has refused to file evidence of sham legal filings by Antlers Oklahoma after the pretended for months to do A hearing to correct Lies signed by Judge Micheal DeBerry this court has already seen I proved <u>with</u> <u>documents</u> <u>was</u> <u>false</u>.

*Id.* at 2. (spelling and syntax in original).

> Claim Four, Rule 60(d)(3): Shari M Johnson did fraud this court with lies multiple times and <u>as a Pro Se Litigant my evidence</u> and pleadings were ignored and refused to file things because Im not a lawyer after denying me assistance of council.

*Id.* (spelling and syntax in original).

## II. Rule 60

Fed. R. Civ. P. 60 reads in pertinent part:

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. . . .

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been

---

[1] Sheri M. Johnson, Assistant Attorney General for the State of Oklahoma, represents Respondent Scott Crow in this action. Ms. Johnson also represented Respondent Mark Bowen in this case. Dkt. No. 10.

discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) *Timing*.  A motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality*.  The motion does not affect the judgment's finality or suspend its operation.

(d) Other Powers to Grant Relief.  This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

**III.  Claim One**

Nash argues he is entitled to reconsideration under Fed. R. Civ. P. 60(a), because this Court "overlooked" certain documents proving his factual innocence.  He apparently claims the Court committed a legal error by not proceeding to the merits of the unexhausted claims in his habeas petition.  However, in *Kemp v. United States*, __ U.S. __, 142 S. Ct. 1856, 1862-63 (2022), the Supreme Court clarified that Rule 60(a) relates to clerical mistakes, while Rule 60(b)(1) "includes a judge's errors of law."  *See also United States v. Beggerly*, 524 U.S. 38, 43 n.1 (1998) ("Rule

3

60(a) dealt then, as it deals now, with relief from clerical mistakes in judgments."). Because Nash is not alleging a clerical mistake, his claim will be analyzed under Rule 60(b)(1).

### A. Rule 60(b)

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion under Rule 60(b) that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," such as an allegation of "[f]raud on the federal habeas court", *id*. at 532 & n.5, is not treated like a habeas corpus application. *See Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) ("a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion").

Rule 60(b) motions are subject to deadlines; all such motions "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Motions under Rule 60(b)(6) are not subject to this additional 1-year constraint." *Kemp*, 142 S. Ct. at 1861. However, the Supreme Court has held: "[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show extraordinary circumstances justifying the reopening of a final judgment . . . . Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535 (quotation omitted).

### B. Rule 60(b)(1)

"Under Rule 60(b)(1), a party may seek relief based on mistake, inadvertence, surprise, or excusable neglect." *Id.* (quotation omitted).

> Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

Nash cannot show that he is entitled to relief in Ground One because the Court "overlooked" attachments proving his factual innocence. *See* Dkt. No. 40 at 1. First, his claim of judicial error is untimely under Rule 60(b)(1), as it was made more than one year after the judgment was entered in this case. *See* Fed. R. Civ. P. 60(c)(1). Second, this Court's ruling was based on Nash's undisputed failure to exhaust his claims for habeas corpus relief. Therefore, there was no judicial mistake involving Nash's alleged documentation of factual innocence because that information was irrelevant given the procedural posture of Nash's claims.

It is well settled that for a petitioner to be entitled to habeas corpus relief under 28 U.S.C. § 2254, he must completely exhaust all of his state remedies before coming to the federal courts. *Rose v. Lundy*, 455 U.S. 509, 515 (1982).

> In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court, or that at the time he filed his federal petition, he had no available state avenue of redress. The rationale for this requirement is that state courts will enforce the federal constitution as fully and fairly as a federal court.

*Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted). The Tenth Circuit "will not excuse a failure to exhaust state remedies in a 28 U.S.C. § 2254 action unless it is

affirmatively shown that resort to them would be useless." *Id*. (citing *Lewis v. New Mexico*, 423 F.3d 1048, 1049 (10th Cir. 1970)).

Here, Nash has provided no evidence that he satisfied the exhaustion requirement before he commenced this habeas action, or that he had no available avenue of redress. In fact, he concedes these claims are unexhausted, and he unpersuasively argues that his attempts to exhaust his state court remedies have been futile. Dkt. No. 40 at 2-3. Further, he has provided no evidence that he applied for and was denied an appeal out of time from the denial of his post-conviction application pursuant to Rule 2.1(E)(1), (3), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2011). While actual innocence can excuse a procedural default, *see Fontenot v. Crow*, 4 F. 4th 982, 1028 (10th Cir. 2021), Nash still has the opportunity to have his claims heard on the merits in state court. He had an available avenue of redress and, therefore, he has no excuse for his failure to exhaust state remedies. This claim fails.

**IV.   Claim Two**

In Claim Two, Nash apparently alleges under Rule 60(b)(3) that counsel for Respondent Bowen lied to this Court in her motion to dismiss the petition as time barred [Dkt. No. 20] and in Bowen's response to Nash's motion for order of immediate release [Dkt. No. 33]. This claim also is untimely under Fed. R. Civ. P. 60(c)(1), which states that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Judgment was entered on April 22, 2021 [Dkt. No. 38], and Nash's Rule 60 motion was filed on June 29, 2022 [Dkt. No. 40]. This claim is, therefore, time barred.

## V. Claim Three

Nash next argues for relief under Rule 60(b)(6), claiming his attempts to exhaust state remedies have been futile. Dkt. 40 at 2. Rule 60(b)(6) concerns relief for "any other reason that justifies relief." The Tenth Circuit has explained that "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (citation omitted). Nash has conceded that his post-conviction claims are unexhausted [Dkt. No. 40 at 2-3], and he has not shown the "extraordinary circumstances" required to justify reopening a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quotation omitted). As discussed above, he has presented no evidence that he applied for, and was denied, an appeal out of time from the denial of his post-conviction application pursuant to Rule 2.1(E)(1), (3), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2011). He must exhaust his habeas claims like every other habeas petitioner, by following the court rules. His failure to exhaust his state court remedies does not create extraordinary circumstances. *See Herd v. Tapia*, 356 F. App'x 140, 143 (10th Cir. 2009) (stating that "it is well-settled that ignorance of the law cannot excuse the failure to exhaust") (collecting cases). This claim is meritless.

## VI. Claim Four

Citing Rule 60(d)(3), Nash alleges in Claim Four that Shari Johnson committed fraud with her multiple, unspecified lies. Dkt. No. 40 at 2. "Rule 60(b)(3) deals with 'fraud . . ., misrepresentation, or misconduct by an opposing party."

> Rule 60(d)(3), sometimes referred to as the savings clause to Rule 60(b), *see Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005), provides that the powers to grant relief from judgment, as provided in Rule 60(b), "does not limit a court's power to: (1) entertain an independent action to relief a party from a

7

judgment, order, or proceeding; . . . or (3) set aside a judgment for fraud on the court." The one-year time bar does no[t] apply to Rule 60(d)(3) motions.

*Springer v. United States Att'y for N. Dist. of Okla.*, No. 15-142-JED-FHM, 2019 WL 913117 at *1 (N.D. Okla. Feb. 25, 2019).

Claims of fraud on the court may be brought under Rule 60(b)(3) or under the savings clause, *Zurich N. Am.*, 426 F.3d at 1290-91. "Under either subsection (b)(3) or (d)(3), the movant alleging fraud on the court must provide evidence of an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Smith v. Rentie*, No. 18-CV-046-TCK-FHM, 2019 WL 10813624, at *1 (cleaned up).

Nash apparently attempts to use this Rule 60(d)(3) claim to summarize why the merits of his unexhausted habeas claims should have been addressed by the district court. He complains that Sheri Johnson "lie[d] multiple times, and his "evidence and pleadings were ignored." Dkt. No. 40 at 2. Nash, however, has completely failed to offer evidence to support his claim of fraud on the court. *See Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) ("Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.") (quoting *Rozier v. Ford Motor Co.*, 873 F.2d 1332, 1338 (5th Cir. 1978)). Furthermore, this Court dismissed Nash's habeas petition because it contained unexhausted claims, and he failed to establish that exhaustion was futile--not because the respondent made any misrepresentation to the Court. This claim is meritless.

### VII. Certificate of Appealability

A certificate of appealability "is required to appeal a Rule 60(b) motion in a habeas case." *See Johnson v. Patton*, 804 F. App'x 928, 930 (10th Cir. 2020). *See also United States v.*

*McDaniel*, 601 F. App'x 747 (10th Cir. May 13, 2015) (denying certificate of appealability for motion pursuant to Fed. R. Civ. P. 60(d)(3).  To obtain a certificate of appealability to challenge the Court's procedural ruling, Nash must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that Nash cannot make the required showing, therefore, he is denied a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner Nash's motion for relief from judgment pursuant to Fed. R. Civ. P. 60 [Dkt. No. 40] is DENIED, and Nash is denied a certificate of appealability.

Dated this 17th day of May 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE